**Motion Granted and Abatement Order filed September 25, 2012.**



In The

# Fourteenth Court of Appeals

_____

NO. 14-12-00673-CV

_____

### IN THE INTEREST OF K.G.S. AND T.W.S., CHILDREN

**On Appeal from the 312th District Court
Harris County, Texas
Trial Court Cause No. 2009-01569**

## A B A T E M E N T   O R D E R

In the underlying suit to modify the parent-child relationship, the Texas Department of Family and Protective Services intervened for protection of the children, and the Department was named temporary managing conservator of the children by order signed June 25, 2012. The Mother of the children counterclaimed against the Department, and the trial court granted the Department's plea to the jurisdiction. The Mother then brought this interlocutory appeal. *See* Tex. Civ. Prac. & Rem. Code §51.014(a)(8). Under this subsection of the statute, all proceedings in the trial court are stayed pending resolution of the interlocutory appeal. *See* Tex. Civ. Prac. & Rem. Code §51.014(b).

1

The stay provision in Section 51.014(b) of the Civil Practice and Remedies Code conflicts with the Family Code statutes governing cases brought by the Department for child protection. *See* Tex. Fam. Code §§263.201, 263.304, 263.305, 263.401. Accordingly, on August 17, 2012, this court granted the Department's motion asking to abate the interlocutory appeal so that the trial court could conduct a statutorily required status hearing no later than August 24, 2012. *See* Tex. Fam. Code § 263.201. The record from the hearing was filed September 10, 2012, and the appeal was reinstated on September 12, 2012.

On September 17, 2012, the Department filed a motion asking the court to extend the abatement period so that the trial court may consider the Department's motion to sever the child protection action from the Mother's counterclaims. The motion is **GRANTED.**

We order the appeal **ABATED** for a period of **thirty days.** A supplemental clerk's record containing any new order(s) signed by the trial court shall be filed with the clerk of this court on or before **October 31, 2012.**

The appeal is abated, treated as a closed case, and removed from this court=s active docket. The appeal will be reinstated on this court=s active docket when the supplemental clerk's record is filed in this court. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion.

PER CURIAM

2